**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMON MENDEZ, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION NO. 3:CV-14-1339 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| PA BOARD OF PROBATION & PAROLE, et al, | : | |
| | : | |
| Respondents | : | |

**MEMORANDUM**

Petitioner, Ramon Mendez, an inmate currently confined in the Smithfield State Correctional Institution, Huntingdon, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the denial of his parole by the Pennsylvania Board of Probation and Parole ("the Board"). The petition is ripe for consideration, and, for the reasons that follow, the Court will deny the petition.

**I. Background**

On October 21, 1992, after entering a plea of guilty, Petitioner was sentenced to ten to twenty years incarceration for violating 18 Pa.C.S. § 3701 (Robbery) and one to ten years incarceration for violating 18 Pa.C.S. § 2702 (Aggravated Assault),

consecutively. (Doc. 14-1 at 2, Sentence Status Summary). Petitioner's minimum sentence date was December 10, 2002, and his maximum sentence date is December 10, 2021. Id.

On December 3, 207, Petitioner was released on parole. (Doc. 14-1 at 22, Order to Release on Parole/Reparole).

On June 1, 2009, Petitioner was arrested and charged with violating the conditions of his parole by changing his residence without permissions and because he engaged in assaulting behavior by slapping, punching, and kicking a female victim. (Doc. 14-1 at 24, Technical Violation Arrest Report). A hearing before the Parole Board was scheduled for September 15, 2009. (Doc. 14-1 at 25, Notice of Charges and Hearing).

By Notice of Board Decision dated November 5, 2009, the Board revoked Petitioner's parole and recommitted him to a state correctional institution as a technical parole violator to serve nine months back time. (Doc. 14-1 at 28, Notice of Board Decision).

Since being recommitted as a technical parole violator, Petitioner has been reviewed for reparole by the Board on five occasions, July 1, 2010, February 17, 2011, July 15, 2011, January 15, 2013 and April 1, 2014. (Doc. 14-1 at 30-41,

Notices of Board Decisions). He has been denied reparole all five times. Id. Most recently, the Board cited the following reasons for denying Mendez reparole: (1) Mendez's risk and needs assessment indicating his level of risk to the community; and (2) reports, evaluations and assessments/level of risk indicates Mendez is a risk to the community. Id. The Board's decision further states that Mendez will be reviewed in or after February 2015 and at this next interview the Board will review his file and consider the following (1) whether Mendez maintained a favorable recommendation for parole from the Department of Corrections; and (2) whether Mendez maintained a clear conduct record. Id.

On July 14, 2014, Mendez filed the instant action in which he alleges a "denial of substantive Due Process as to the provision of re-parole, via arbitrary and capricious reasons, pretextual and vindictive denial of [his] parole application[s]." (Doc. 1, petition). He claims that the Board's denial of re-parole is "punishment and/or further punishment for Petitioner's crime." Id.

## II. Discussion

### A. Exhaustion of Ex Post Facto Claim

Respondents argue that the Court should dismiss Petitioner's Ex Post Facto claim until Petitioner has exhausted the remedies available to him in the state

courts. (Doc. 14 at 3-4). The Court agrees. Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states in part, the following:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a ... Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.
>
> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available [to the petitioner];
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. 2254(a) and (b).

In Shackleford v. Ebbert, 2011 WL 1107024, *5 (M.D. Pa.2011), adopted by 2011 WL 1059732 on 3–23–11, the Court stated:

> [P]risoners seeking relief under Section § 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available [to him]" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts

> typical will refuse to entertain a petition for habeas corpus. See Whitney v. Horn, 280 F.3d 240, 250 (3d Cir.2002).

Respondents correctly assert that a state prisoner challenging the denial of parole on constitutional grounds other than for violation of the Ex Post Facto clause is not required to exhaust state court remedies before pursuing federal habeas review. Defoy v. McCullough, 393 F.3d 439 (3d Cir.2005), cert denied, 545 U.S. 1149 (2005). The writ of mandamus is an avenue available in state courts for Petitioner's Ex Post Facto claim with respect to the denial of parole with the PA Commonwealth Court. Defoy, supra. See also Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir.2005); Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir.2001); Dodgson v. PA. Dept. Of Corrections, 922 A.2d 1023 (Pa. Cmwlth.2007); Evans v. PA. Board of Probation and Parole, 905 A.2d 595, 599, n. 5 (Pa. Cmwlth.2006) ("while an [inmate] is not entitled to appellate review of a Board decision denying parole, he may be entitled to pursue allegations of constitutional violations against the Board through a writ of mandamus.") (citation omitted).

In Bornheimer v. Pennsylvania Board of Probation and Parole, 183 Fed. Appx. 216, 2006 WL 1371579 (3d Cir.2006), the Court stated:

> the District Court characterized the avenue of exhaustion as one of appeal although, under Pennsylvania law, parole decisions are

> ‘generally not subject to judicial review unless the petitioner asserts a constitutional challenge to the denial of parole or seeks a writ of mandamus to compel the Parole Board to exercise its discretion.’ Richardson, 423 F.3d at 285, citing Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 290 (2001). (emphasis added).

In the instant action, Petitioner did not appeal any of his five parole denials. Thus, Petitioner failed to exhaust state judicial remedies with respect to his Ex Post Facto claim. See Trivitt v. Klem, 2006 U.S. Dist. LEXIS 92810, *6,2008 WL 4616800 (M.D. Pa.2006) (Vanaskie, J.) (concluding that the state prisoner failed to exhaust his ex post facto challenge to the Board’s parole decision because although he filed a mandamus petition, he did not appeal the Commonwealth Court's dismissal of his mandamus action). As Petitioner failed to use the available state court remedy, he cannot now assert a Ex Post Facto claim for the first time on federal habeas review. See, e.g., Wareham v. Stowitzky, 2007 WL 666692, at *5 (E.D.Pa. February 26, 2007). See also Favors v. PA. Dept. of Corrections, 2010 WL 5625908, *7( [Petitioner’s] failure to properly pursue his state remedies with respect to this parole board action now bars federal consideration of this claim.”).

Moreover, Petitioner’s challenges to his five parole denials are now time-barred under state law, as the time for filing a petition for review with the Commonwealth Court has expired. See Pa. R.A.P. 903(a)(notice of appeal shall be

filed within thirty days after the entry of the order from which the appeal is taken). A such, Petitioner is in procedural default for failure to comply with the state filing requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D.Pa. June 7, 2010) (internal quotations omitted). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001).

The Petitioner, however, has not alleged cause or prejudice. Nor has he

demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice. Accordingly, Petitioner's challenges to the decisions of the Pennsylvania Board of Probation and Parole must be rejected on the ground that he failed to pursue those issues in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance. Consequently, any Ex Post Facto claim raised by Mendez will be dismissed for failure to seek final administrative review and exhaust state court remedies.

**B. Due Process**

It is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Further, the existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Instead a liberty interest for purposes of parole would only arise if the state code requires a parole board to make its decision based upon the existence or absence of a particular factor.

The Pennsylvania Probation and Parole Act does not grant Pennsylvania state

prisoners any constitutionally-protected liberty interest in being released on parole or reparole prior to the expiration of their maximum terms.[1] Pennsylvania law unambiguously provides that a prisoner is not entitled to release from prison until the expiration of his maximum sentence.[2] Nothing in the Pennsylvania Parole Act

---

[1] See, e.g., McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa.1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); Rodgers v. Parole Agent SCI–Frackville, Wech, 916 F. Supp. 474, 476 (E.D.Pa.1996); McCrery v. Mark, 823 F. Supp. 288 (E.D.Pa.1993); Rogers v. Pennsylvania Bd. of Probation and Parole, 555 Pa. 285, 724 A.2d 319 (1999) (holding that the grant of parole for Pennsylvania prisoners is nothing more than a possibility; it merely constitutes favor granted by the state as a matter of grace and mercy); Tubbs v. Pennsylvania Bd. of Probation and Parole, 152 Pa. Cmwlth. 627, 620 A.2d 584, 586 (Pa. Commw. Ct.1993) ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term ... the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), appeal denied, 536 Pa. 635, 637 A.2d 295 (Pa.1993).

[2] A prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 86 Pa. Commw. 38, 41, 483 A.2d 1044, 1047 (1984). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application duly considered by the Board. Id.

(or any other provision of Pennsylvania law) requires the Board to release a prisoner on parole prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on parole. Although a prisoner is eligible for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time.[3] However, the United States Court of Appeals for the Third Circuit has held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by

[3]The existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).

a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as “race, religion, or political beliefs,” or that the parole board made its determination based on “frivolous criteria with no rational relationship to the purpose of parole . . . .” Id. at 236 n.2.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Id. at 488-89.

Mendez does not allege that he was denied parole on the basis of his race, religion or ethnicity. As previously noted, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility.

To the extent that Mendez may believe that he should have been granted reparole after the service of his nine months of backtime he received for his parole violations, it is well-established Pennsylvania law, that backtime is merely that part of an existing judicially imposed sentence which the Board directs a parolee to complete following recommitment for violating the conditions of parole, and which must be served before the parolee may again be eligible to be considered for a grant of reparole. Krantz v. Com., Pa. Bd. of Probation and Parole, 483 A.2d 1044 (Pa. Cmwlth. 1984). When the Board imposes backtime, it establishes a new parole eligibility date for the parolee. Upon completion of the backtime, the parolee has a right to again apply for parole and have the Board consider that application. Id. The expiration of backtime does not automatically entitle an inmate to reparole, as "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981)(quoting Greenholtz v. Inmates of

Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). While "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the Pennsylvania Supreme Court has long held that "a denial of parole does not implicate a constitutionally protected liberty interest." Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 291 (Pa. 2001); see also Rogers v. Pa. Bd. of Prob. & Parole, 555 Pa. 285, 724 A.2d 319, 322-23 (Pa. 1999)(affirming Parole Board's discretion to grant or deny parole because "parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence").

Finally, the Court finds that the Board's denial of reparole does not implicate the Eighth Amendment of the United States Constitution. In Lockyer v. Andrade, 538 U.S. 63 (2003), the Supreme Court held that while the Eighth Amendment establishes that a "gross disproportionality principle is applicable to sentences for terms of years," id. at 72, "the precise contours of [the principle] are unclear, applicable only in the 'exceedingly rare' and 'extreme' cases." Id. at 73. This is not one of those rare or extreme cases. See Corliss v. Pennsylvania Board of Probation

and Parole, No. 05-1817, 2006 WL 2927270 (M.D. Pa. Oct. 11, 2006)(holding that the Board's decision to deny parole to an inmate does not constitute cruel and unusual punishment). Consequently, the petition for writ of habeas corpus will be denied. An appropriate Order follows.

Dated: January 22, 2016

/s/ William J. Nealon
United States District Judge

**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAMON MENDEZ, | : | |
| | : | |
| Petitioner | : | CIVIL ACTION NO. 3:CV-14-1339 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| PA BOARD OF PROBATION & PAROLE, et al, | : | |
| | : | |
| Respondents | : | |

**ORDER**

**AND NOW, THIS 22nd DAY OF JANUARY, 2016**, for the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1, petition) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

/s/ William J. Nealon
**United States District Judge**